**Matthew A. Levin, OSB No. 003054**
MattLevin@MarkowitzHerbold.com
MARKOWITZ HERBOLD PC
3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204-3730
Telephone: (503) 295-3085
Fax: (503) 323-9105

Of Attorneys for Plaintiffs

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br>**Hydra Entertainment, LLC,**<br>Debtor. | Bankruptcy Case No. 17-33129-tmb7 |
| **CHASING BUTTERFLIES PICTURES, LLC**, a Texas limited liability company, and **JUSTICE MOVE, LLC**, a New Mexico limited liability company,<br>Plaintiffs,<br>v.<br>**SEAN SKELDING**, an individual, and **HYDRA ENTERTAINMENT, LLC**, an Oregon limited liability company,<br>Defendants. | Adversary Proceeding Case No. _____<br>**COMPLAINT**<br>**Copyright Infringement; Intentional Interference with Economic Relations; Breach of the Implied Covenant of Good Faith and Fair Dealing; Computer Fraud and Abuse Act**<br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Chasing Butterflies Pictures, LLC and Justice Movie, LLC, for their complaint against defendants Sean Skelding and Hydra Entertainment, LLC allege:

1.

Plaintiff Chasing Butterflies Pictures, LLC ("Chasing Butterflies") is a Texas Limited Liability Company with its primary place of business in Dallas, Texas.

**Page 1 - COMPLAINT**

Plaintiff Justice Movie, LLC is a limited liability company organized under the laws of New Mexico. Justice Movie, LLC's principle place of business is Dallas, Texas.

2.

Defendant Sean Skelding ("Skelding") is an Oregon citizen residing in Portland, Oregon.

3.

Defendant Hydra Entertainment, LLC ("Debtor") is an Oregon Limited Liability Company with its primary place of business in Portland, Oregon.

4.

Debtor filed a voluntary petition for Chapter 7 relief under the Bankruptcy Code on August 18, 2017.

5.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(c) and 1334(b).

6.

Plaintiffs do not consent to final orders or judgment by the bankruptcy court.

7.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1409.

8.

This proceeding is brought pursuant to Federal Rule of Bankruptcy Procedure 7001(1) and (7).

### FACTUAL BACKGROUND

9.

Bryan Foster is the sole owner and manager of Chasing Butterflies. Chasing Butterflies is the sole member of Justice Movie, LLC.

10.

Anthony J. Perez is the sole manager of Justice Movie, LLC. Pursuant to Justice Movie, LLC's operating agreement, Mr. Perez has "full and complete authority, power and discretion to

manage and control the business, affairs and properties of the Company, to make all decision[s] regarding those matters and to perform any and all other acts customary or incident to the management of the Company's business."

11.

Justice Movie, LLC and Chasing Butterflies produced the film "Justice" (the "Movie").

12.

On February 20, 2016, Debtor irrevocably transferred and assigned to Chasing Butterflies all right, title, and interest, including any copyrights, in the story, script, and title to the Movie.

13.

Pursuant to 17 U.S.C. § 408, Chasing Butterflies applied for and received registrations of copyright for the story and script to the Movie. The United States Copyright Office granted Chasing Butterflies U.S. Copyright Registration Numbers PAu 003-819-462 and PAu 003-820-395 for the Movie, with effective dates of registration of March 14 and 15, 2016, respectively.

14.

Justice Movie, LLC holds the copyright to the motion picture Justice.

15.

Neither Debtor nor Skelding has any interest in Justice Movie, LLC or Chasing Butterflies. Debtor and Skelding do not own any right, title, interest, or copyright in the Movie, its script, or its title.

16.

On February 24, 2016, Chasing Butterflies and Debtor entered into a contract titled "Amendment to Deal Memo." Pursuant to that contract, Debtor agreed to manage "aspects of production for" the Movie, including "Social Media." Debtor also agreed to assign all its right, title, and interest, including copyright, in the story and script for the Movie to Chasing Butterflies. The Amendment to Deal Memo did not give defendants a license to use, reproduce, copy, or display any of plaintiffs' copyrighted works.

17.

Defendants created a Facebook page for the Movie. Mr. Perez was listed as an "admin" on the Facebook page and contributed significant content to the Facebook page. The Facebook page displays individual images from the Movie, uses the Movie's title, and describes the Movie's story.

18.

The Amendment to Deal Memo is an executory contract. The bankruptcy trustee rejected the Amendment to Deal Memo by failing to assume it within 60 days, as required by 11 U.S.C. § 365(d)(1). As a matter of law, the Amendment to the Deal Memo has been breached and, therefore, plaintiffs are entitled to a remedy for that breach.

19.

On or about December 1, 2016, plaintiffs, through their sales agent, entered into an Exclusive Distribution Agreement with Universal Studios Home Entertainment, LLC ("Universal Studios") to distribute the Movie in the United States. Pursuant to that Agreement, Universal Studios has the exclusive right to "market, advertise, [and] promote" the Movie "via any and all means and methods of delivery."

20.

The Movie was released on September 15, 2017.

21.

In September, Universal Studios requested that plaintiffs provide access to the Facebook page so that they could fulfill their exclusive rights to market, advertise, and promote the Movie. At that time, Mr. Perez did not have the login and password information necessary to provide to Universal Studios.

22.

Consequently, on September 28, 2017, plaintiffs requested that defendants turn over access to the Facebook page so that they could provide access to Universal Studios. Plaintiffs

Page 4 -   COMPLAINT

Case 17-33129-tmb7    Doc 34    Filed 10/23/17

received no response. On October 3, 2017, plaintiffs renewed the request. Defendants did not turn over access.

23.

On or about October 17, 2017, defendants removed Mr. Perez as an "admin" from the Facebook page without authorization.

24.

By letter on October 19, 2017, plaintiffs alerted defendants that their continued operation of the Facebook page infringed plaintiffs' copyrights. Plaintiffs demanded that defendants immediately turn over access to the Facebook page by no later than Friday, October 20, 2017 at noon.

25.

Instead of turning over access to the Facebook page, defendants marked the page to be scheduled for deletion. When plaintiffs learned that defendants had scheduled the page for deletion, they notified defendants that they should stop the deletion and immediately provide access to the page to plaintiffs. Deleting the page would destroy a significant amount of content developed by Mr. Perez that is important to marketing the Movie.

26.

Defendants took no action and the Facebook page was deleted, destroying a significant amount of content created by Mr. Perez and defendants pursuant to the Amendment to the Deal Memo. Defendants' action were willful and in bad faith because plaintiffs repeatedly asked defendants to turn over access to the Facebook page and defendants repeatedly failed to do so.

27.

Defendants' infringement of plaintiffs' copyrights threatens harm to plaintiffs' relationships and goodwill with film distributors, including Universal Studios. Plaintiffs will be unable to make distribution deals in the future if they cannot demonstrate their ability to perform their distribution agreement with Universal Studios and control the use and transmission of their copyrighted works. Defendants' infringement also harms plaintiffs' reputation within the film

Page 5 - COMPLAINT

Case 17-33129-tmb7    Doc 34    Filed 10/23/17

industry by suggesting to distributors, financiers, and others, that plaintiffs cannot reliably guarantee that they can control the display of their copyrighted works.

## FIRST CLAIM FOR RELIEF

## Copyright Infringement, 17 U.S.C. §§ 501-05

### (Plaintiffs against all Defendants)

28.

Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

29.

Chasing Butterflies owns all right, title, and interest in the copyright to the Movie's story, title, and script. Justice Movie, LLC owns all right, title, and interest in the copyright to finished motion picture of the Movie.

30.

Pursuant to 17 U.S.C. § 106, plaintiffs have the exclusive right to display the Movie publicly, including individual images from the Movie. Pursuant to 17 U.S.C. § 106, plaintiffs have the exclusive right to display and copy the title, story, and script of the Movie.

31.

By operating the Facebook page, Debtor and Skelding infringed on Chasing Butterflies' exclusive rights to reproduce, distribute, and display the copyrighted work publicly.

32.

Because defendants' infringement was willful, plaintiffs request that the Court award enhanced statutory damages of $150,000 for each infringement, pursuant to 17 U.S.C. § 504(c)(2).

33.

Pursuant to 17 U.S.C. § 505, plaintiffs seek an award of its cost and attorney fees incurred in bringing this claim.

## SECOND CLAIM FOR RELIEF

## Tortious Interference with Contract

### (Plaintiffs against all Defendants)

34.

Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

35.

Plaintiffs have a business relationship with Universal Studios, and a contractual relationship with Universal Studios through their sales agent, whereby Universal Studios has an exclusive license to distribute, advertise, and promote the Movie in the United States. Pursuant to the Exclusive Distribution Agreement, Universal Studios has the exclusive license to promote the Movie on all forums, which includes social media such as Facebook.

36.

Plaintiffs also have a business relationship with the fans and potential patrons of the Movie. As the owners of all rights to the Movie, plaintiffs have the exclusive right to determine how the fans and potential patrons learn about the Movie.

37.

Defendants are intentionally interfering with plaintiffs' business and contractual relationship with Universal Studios by refusing to turn over access to the Facebook page. Defendants are intentionally interfering with plaintiffs' business relationship with the Movie's fans and potential patrons by refusing to turn over access to the Facebook page.

38.

Defendants are acting with both improper means and for an improper purpose. Defendants' means are improper because they have violated plaintiffs' copyrights, breached the Amendment to the Deal Memo, converted plaintiffs' content, and violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Defendants' purpose is improper because they are acting solely to injure plaintiffs.

39.

Defendants' improper interference is causing harm to plaintiffs' business and contractual relationship with Universal Studios. By refusing to provide access to the Facebook page, defendants are causing plaintiffs, though their sales agent, to be in breach of the Exclusive Distribution Agreement. Plaintiffs could suffer substantial economic consequences as a result of the breach. In addition, by refusing to provide access to the Facebook page, defendants are harming plaintiffs' business relationship, reputation, goodwill, and credibility with Universal Studios.

40.

Defendants' improper interference is causing harm to plaintiffs' business relationship with the Movie's fans and potential patrons by decreasing the number of people who will see the Movie and purchase or rent copies of the Movie.

41.

Plaintiffs will suffer irreparable harm in the absence of a preliminary injunction. Defendants' interference threatens harm to plaintiffs' relationship, reputation, goodwill, and credibility with Universal Studios. Plaintiffs will be unable to make distribution deals in the future with Universal Studios if they cannot demonstrate their ability to perform their distribution agreement with Universal Studios.

42.

Plaintiffs have suffered damages from the loss of many hours of work creating content for the Facebook page and will suffer lost revenue from the Movie, caused by decreased sales and distribution as a result of defendants' failure to give plaintiffs access to the Facebook page so that they can provide it to Universal Studios, in an amount to be proved at trial.

## THIRD CLAIM FOR RELIEF

## Breach of the Implied Covenant of Good Faith and Fair Dealing

### (Chasing Butterflies against Debtor)

43.

Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

44.

The Amendment to the Deal Memo contains an implied covenant of good faith and fair dealing based on the reasonable expectations of the parties. The parties had a reasonable expectation that they would perform their respective duties under the Amendment to the Deal Memo to benefit the sales and distribution of the Movie.

45.

According to the Amendment to the Deal Memo, Debtor had a duty to "manage" the "Social Media" regarding the Movie. Providing access to the Facebook page to plaintiffs and the Movie's United States distributor, Universal Studios, is to the benefit of the sales and distribution of the Movie.

46.

Debtor has breached the implied covenant of good faith and fair dealing by failing to deliver access to the Facebook page to plaintiffs so that they can turn it over to Universal Studios. Debtor has breached the implied covenant of good faith and fair dealing by deleting the Facebook page despite plaintiffs express instructions to stop the deletion and provide access to plaintiffs.

47.

Plaintiffs will suffer irreparable harm in the absence of a preliminary injunction. Debtor's breach threatens harm to plaintiffs' relationship, reputation, goodwill, and credibility with Universal Studios. Plaintiffs will be unable to make distribution deals in the future with Universal Studios if they cannot demonstrate their ability to perform their distribution agreement with Universal Studios.

Page 9 - COMPLAINT

48.

Plaintiffs have suffered damages from the loss of many hours of work creating content for the Facebook page and will suffer lost revenue from the Movie, caused by decreased sales and distribution as a result of defendants' failure to give plaintiffs access to the Facebook page so that they can provide it to Universal Studios, in an amount to be proved at trial.

**FOURTH CLAIM FOR RELIEF**

**Computer Fraud and Abuse Act, 18 U.S.C. § 1030**

**(Plaintiffs against all Defendants)**

49.

Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

50.

Defendants intentionally accessed the Facebook computers without plaintiffs' authorization to control the Facebook page and deleted the content of that page despite plaintiffs' express direction not to delete the page and instead to turn over access to plaintiffs.

51.

As a result of defendants' conduct, plaintiffs have suffered damages from the loss of many hours of work creating content for the Facebook page and will suffer lost revenue from the Movie, caused by decreased sales and distribution as a result of Debtor's failure to give plaintiffs access to the Facebook page so that they can provide it to Universal Studios, in an amount to be proved at trial.

52.

Plaintiffs have suffered damages in an amount exceeding $5,000 by defendants' unauthorized deletion of the Facebook page.

## PRAYER

### Claim 1 -- Copyright infringement

1. That the Court enter preliminary and permanent injunctions providing that defendants cease all infringement of plaintiffs' copyrights, pursuant to 17 U.S.C. § 502.

2. That plaintiffs be awarded statutory damages for defendants' willful infringement in an amount to be proven at trial, but not less than $150,000 for each willful infringement, pursuant to 17 U.S.C. § 504.

3. That plaintiffs be awarded their costs and attorney fees, pursuant to 17 U.S.C. § 505.

### Claim 2 – Tortious interference with business relationships

1. That the Court enter preliminary and permanent injunctions providing that defendants cease operating the Facebook page and turn over access to plaintiffs.

2. That plaintiffs be awarded their money damages for an amount to be proven at trial, plus prejudgment interest.

3. That plaintiffs be awarded punitive damages in an amount to be determined at trial, and such further relief as the Court may deem just and equitable.

### Claim 3 – Breach of implied covenant of good faith and fair dealing

1. That the Court enter preliminary and permanent injunctions providing that defendants cease operating the Facebook page and turn over access to plaintiffs.

2. That plaintiffs be awarded their money damages for an amount to be proven at trial, plus prejudgment interest.

3. That plaintiffs be awarded such further relief as the Court may deem just and equitable.

### Claim 4 – Violation of Computer Fraud and Abuse Act

1. That plaintiffs be awarded their money damages for an amount to be proven at trial, plus prejudgment interest.

2. That plaintiffs be awarded their costs and disbursements and reasonable attorney fees in an amount to be proven at trial and such further relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a Jury Trial on all questions so triable.

DATED this 23rd day of October, 2017.

                MARKOWITZ HERBOLD PC

                By: s/ Matthew A. Levin
                      Matthew A. Levin, OSB # 003054
                      (503) 295-3085
                      Of Attorneys for Plaintiffs

JUSTSE\666784_1